FILED
APR 25 2025
AT 8:30 346 P M
CLERK, U.S. DISTRICT COURT - DNJ

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. (MCA) |
| | : | |
| v. | : | Crim. No. 25-266 |
| | : | |
| TREVA EDWARDS, | : | |
|   a/k/a "Prophet Treva," | : | 18 U.S.C. § 1594 |
|   a/k/a "Pastor Treva," and | : | 18 U.S.C. § 1589 |
| CHRISTINE EDWARDS, | : | 18 U.S.C. § 1591 |
|   a/k/a "Pastor Christine" | : | |

## INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

### COUNT ONE
(Conspiracy to Commit Forced Labor)

#### The Conspiracy

1.  Between in or around January 2011 and continuing through in or around January 2020, in Essex County, in the District of New Jersey, and elsewhere, the defendants,

> TREVA EDWARDS,
> a/k/a "Prophet Treva,"
> a/k/a "Pastor Treva," and
> CHRISTINE EDWARDS,
> a/k/a "Pastor Christine,"

did knowingly conspire and agree with each other and others known and unknown to provide and obtain the labor and services of Victim 1, Victim 2, and others known and unknown (collectively, the "Victims"), by means of force, threats of force, physical restraint, and threats of physical restraint to those persons and another person; serious harm and threats of serious harm to those persons and another person; the

abuse and threatened abuse of law and legal process; and any scheme, plan, and pattern intended to cause those persons to believe that, if those persons did not perform such labor and services, those persons and another person would suffer serious harm and physical restraint; and any combination of such means, contrary to Title 18, United States Code, Section 1589.

## Object of the Conspiracy

2. The object of the conspiracy was for defendants TREVA EDWARDS, a/k/a "Prophet Treva," a/k/a "Pastor Treva" ("TREVA EDWARDS") and CHRISTINE EDWARDS, a/k/a "Pastor Christine" ("CHRISTINE EDWARDS"), and others known and unknown, to obtain compelled labor and services of Victim 1, Victim 2, and other Victims, in the District of New Jersey and elsewhere.

## Manner and Means of the Conspiracy

3. It was part of the conspiracy that:

   a. TREVA EDWARDS and CHRISTINE EDWARDS were founders and pastors of a church they named "Jesus is Lord by the Holy Ghost" ("JLHG").

   b. TREVA EDWARDS and CHRISTINE EDWARDS operated JLHG out of a multi-unit apartment building located in Orange, New Jersey (the "Church Building").

   c. Between in or around 2011 and continuing through in or around 2020, TREVA EDWARDS and CHRISTINE EDWARDS identified and recruited Victim 1, Victim 2, and other Victims, who were facing struggles in their personal lives, including financial and familial struggles, to join JLHG and live and worship at the Church Building.

  d. TREVA EDWARDS told Victim 1, Victim 2, and other Victims, that he was a prophet who could communicate directly with God. TREVA EDWARDS told JLHG members that disobeying him would result in spiritual retribution from God, as well as physical, emotional, and financial harm.

  e. TREVA EDWARDS and CHRISTINE EDWARDS preached to Victim 1, Victim 2, and other Victims that it was God's will for them to work, and that members had to perform labor to serve God. TREVA EDWARDS and CHRISTINE EDWARDS secured contracts to provide labor in and around Orange, New Jersey, including cleaning and gutting commercial and residential properties, shoveling snow, removing bulk trash, moving furniture, cleaning raw sewage, and exterminating rodent infestations.

  f. CHRISTINE EDWARDS procured labor contracts through her employment at a property management company in New Jersey, and TREVA EDWARDS and CHRISTINE EDWARDS dispatched Victim 1, Victim 2, and other Victims to perform the contracted labor.

  g. TREVA EDWARDS and CHRISTINE EDWARDS preached to Victim 1, Victim 2, and other Victims that they would lose favor with God if they were to fail to perform labor.

  h. TREVA EDWARDS consistently spread fear among Victim 1, 2, and other Victims through his rhetoric and behavior, and he used that fear to gain their obedience, control every aspect of their lives, and compel them to perform unpaid labor.

i. TREVA EDWARDS and CHRISTINE EDWARDS instituted and enforced strict rules about when and whether Victim 1, Victim 2, and other Victims could eat or sleep, when and for how long they were to pray and work, and whether they could speak to non-members or even leave the Church Building.

j. TREVA EDWARDS and CHRISTINE EDWARDS isolated Victim 1, Victim 2, and other Victims from their friends and families outside the church by monitoring their communications and whereabouts, and by convincing them that non-members were evil or possessed by the devil.

k. TREVA EDWARDS and CHRISTINE EDWARDS deprived Victim 1, Victim 2, and other Victims of sleep, requiring them to work or pray late into the night and wake up early to attend hours-long sermons.

l. TREVA EDWARDS routinely verbally abused Victim 1, Victim 2, and other Victims, including by insulting, swearing, and yelling at them, and he singled out members whom he claimed had sinned, threatening them with spiritual punishment and more hard labor.

m. TREVA EDWARDS and CHRISTINE EDWARDS instilled in Victim 1, Victim 2, and other Victims fear of verbal and emotional abuse, reputational harm, homelessness, hunger, and spiritual and physical retribution from God or "the Prophet," TREVA EDWARDS.

n. TREVA EDWARDS preached to Victim 1, Victim 2, and other Victims that if they wanted to go to heaven, they had to abstain from what he called the "Five Loves," which were food, sleep, sex, money, and pleasure.

  o. TREVA EDWARDS controlled Victim 1 through repeated sexual assaults.

  p. TREVA EDWARDS and CHRISTINE EDWARDS starved Victim 1, Victim 2, and other Victims by limiting them to one meal per day, typically feeding them only after they completed a day's work. TREVA EDWARDS and CHRISTINE EDWARDS preached that fasting from food was God's will.

  q. TREVA EDWARDS preached to Victim 1, Victim 2, and other Victims that if JLHG members were to stop working or leave JLHG, God or the devil would injure, kill, or condemn them.

## Conduct in Furtherance of the Conspiracy

4. In furtherance of the conspiracy, at least one of the defendants committed or caused to be committed at least one of the following acts, among others, in the District of New Jersey, and elsewhere:

  a. TREVA EDWARDS and CHRISTINE EDWARDS did not pay wages to Victim 1, Victim 2, and other Victims for their work and kept the money earned from the above-described labor.

  b. TREVA EDWARDS discouraged Victim 1, Victim 2, and other Victims from seeking medical care and preached that God would heal members who were in good standing with TREVA EDWARDS.

  c. In or around October 2017, CHRISTINE EDWARDS told JLHG members, including Victim 1, that a successful labor job was evidence of God's will.

  d. In or around October 2017, TREVA EDWARDS instructed JLHG members to correct their sins by hauling trash at a commercial location.

  e. In or around April 2019, TREVA EDWARDS punished Victims whom he claimed had sinned by withholding dinner from them.

  f. Between in or around 2011 through in or around 2016, a JLHG member left the congregation and underwent major cardiac surgery, TREVA EDWARDS then preached to Victims until in or around 2020 that the member's heart problems were a result of his leaving JLHG, and that other Victims would suffer similar harm if they, too, were to leave JLHG.

  g. Between in or around 2013 through in or around 2020, TREVA EDWARDS repeatedly physically and sexually assaulted Victim 1 inside the Church Building.

  h. As a result of the repeated sexual assaults, TREVA EDWARDS impregnated Victim 1 and instructed Victim 1 to get an abortion.

  i. In or around late 2019, TREVA EDWARDS and CHRISTINE EDWARDS organized a so-called "struggle session" involving the entire congregation to discourage Victim 1 from leaving JLHG.

In violation of Title 18, United States Code, Section 1594(b).

## COUNT TWO
(Forced Labor)

5. The allegations in paragraphs 2 through 4 of this Indictment are realleged here.

6. Between in or around January 2012 and continuing through in or around January 2020, in Essex County, in the District of New Jersey, and elsewhere, the defendant,

**TREVA EDWARDS,**
a/k/a "Prophet Treva,"
a/k/a "Pastor Treva,"

did knowingly provide and obtain the labor and services of Victim 1 by means of force, threats of force, physical restraint, and threats of physical restraint to Victim 1; serious harm and threats of serious harm to Victim 1; the abuse and threatened abuse of law and legal process; and any scheme, plan, and pattern intended to cause Victim 1 to believe that, if Victim 1 did not perform such labor and services, Victim 1 would suffer serious harm and physical restraint; and any combination of such means. This violation includes aggravated sexual abuse.

In violation of Title 18, United States Code, Sections 1589(a) and (d).

## COUNT THREE
(Sex Trafficking by Force, Fraud, or Coercion)

7. The allegations in paragraphs 2 through 4 of this Indictment are realleged here.

8. Between in or around January 2012 and continuing through in or around January 2020, in Essex County, in the District of New Jersey, and elsewhere, in and affecting interstate and foreign commerce, defendant,

**TREVA EDWARDS,**
**a/k/a "Prophet Treva,"**
**a/k/a "Pastor Treva,"**

did knowingly recruit, entice, harbor, transport, provide, obtain, and maintain by any means Victim 1, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, and any combination of such means would be used to cause Victim 1 to engage in a commercial sex act.

In violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(1).

## FORFEITURE ALLEGATION

Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1589, 1591, and 1594, set forth in Counts One, Two, and Three of this Indictment, the defendants,

TREVA EDWARDS,
a/k/a "Prophet Treva,"
a/k/a "Pastor Treva," and
CHRISTINE EDWARDS,
a/k/a "Pastor Christine,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594(d), any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such offenses, and any property traceable to such property; and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of such offenses, and any property traceable to such property.

## SUBSTITUTE ASSET PROVISION

If any of the above-described forfeitable property as a result of any act or omission of a defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

A TRUE BILL

FOREPERSON

*Alina Habba*
ALINA HABBA
United States Attorney

CASE NUMBER: 25-266 (MCA)

# United States District Court
# District of New Jersey

## UNITED STATES OF AMERICA

v.

## TREVA EDWARDS,
a/k/a "Prophet Treva,"
a/k/a "Pastor Treva," and
## CHRISTINE EDWARDS,
a/k/a "Pastor Christine"

## INDICTMENT FOR

18 U.S.C. § 1594(b)
18 U.S.C. §§ 1589(a) and (d)
18 U.S.C. §§ 1591(a)(1) and (b)(1)



A True Bill.

Foreperson

ALINA HABBA
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

TREVOR A. CHENOWETH AND SUSAN MILLENKY
ASSISTANT U.S. ATTORNEYS
NEWARK, NEW JERSEY
973-645-2711