

**RAHUL AGARWAL**
ragarwal@fklaw.com
212.833.1132

September 8, 2025

<u>BY ECF</u>

The Honorable André Espinosa, U.S.M.J.
District of New Jersey
MLK Jr. Building and U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:   <u>United States v. Treva Edwards</u>, Cr. No. 25-266 (MCA)

Dear Judge Espinosa:

On behalf of my client, Treva Edwards, I respectfully request that the Court schedule a bail hearing in this matter. Below I set forth the procedural history, the proposed bail package, and our arguments for release under the Bail Reform Act.

**I.   Background and Procedural History**

On April 25, 2025, the Government obtained a sealed indictment charging Mr. Edwards and his wife, Christine Edwards, with conspiracy to commit forced labor, in violation of 18 U.S.C. § 1594. D.E. 1. Mr. Edwards also was charged with a substantive forced labor count, in violation of 18 U.S.C. §§ 1589(a) and (d) and with sex trafficking, in violation of 18 U.S.C. § 1591(a)(1) and (b)(1). Each of the substantive counts identifies a single victim (identified as Victim 1). The charges all relate to Mr. Edwards' position as the Pastor of a church named "Jesus is Lord by the Holy Ghost" ("JLHG").

Mr. Edwards was arrested on May 8, 2025. At his initial appearance and arraignment, this Court remanded both Mr. Edwards (by consent) and Christine Edwards with the right for both of them to make a bail application at a later time. D.E. 11.

On June 9, 2025, Christine Edwards was released from detention on the following conditions: (1) a $100,000 unsecured bond; (2) release into the custody of a third-party custodian, in Florida; (3) home detention; and (4) travel restrictions. D.E. 22. Christine Edwards also was ordered not to have contact with victims or coconspirators, unless in the presence of counsel (except that she was granted permission to communicate with Mr. Edwards about personal family matters).

Magistrate Judge Espinosa — - 2 - — September 8, 2025

As set forth below, I ask that Mr. Edwards be released into the custody of a third-party custodian with similarly strict conditions to the ones imposed on his wife. He does not pose a danger to the community, and he is not a risk of flight.[1]

**II.    Proposed Bail Package**

Mr. Edwards proposes release on the following conditions:

1) A third-party custodian. Mr. Edwards has proposed three separate potential third-party custodians. All of them, to my knowledge, have been vetted and approved by Pretrial Services. I am prepared to discuss the merits of each custodian – below, I simply provide a high-level summary of each option.

    a. Custodian Option 1: Ms. Natasha Logan-Williams. Ms. Logan-Williams lives in Belleville, New Jersey and owns a restaurant in East Orange. She and her husband are longtime friends of Mr. Edwards and have expressed no reservations about housing Mr. Edwards on release. Ms. Logan-Williams also fully understands the obligations of serving as a third-party custodian.

    b. Custodian Option 2: Tamara Borden. Ms. Borden resides in Clarksville, Tennessee. She, too, fully understands the obligations of serving as a third-party custodian. Her husband, Josh Borden, was a member of JLHG. As part of this proposal, Mr. Borden would be willing to move out of his current residence. (I do not believe it is necessary for Mr. Borden to exit the premises, but Mr. Borden is willing to make this concession if it is necessary to ensure Mr. Edwards' release.)

    c. Custodian Option 3: Joan Noel. Ms. Noel resides in Houston, Texas and is one of Mr. Edwards' sisters. She has ample space in her home and is more than willing to house Mr. Edwards and serve as a third-party custodian for his release. She understands the obligations that come with serving as a third-party custodian.

2) An unsecured bond in the amount of $100,000;

3) Travel restricted to the District of New Jersey (for court appointments and to meet with his attorney) and to the District to which he is released (if outside of New Jersey); and

4) Home detention with GPS monitoring;

---

[1] This motion addresses the dangerousness prong of the bail analysis, as it is our understanding that the Government seeks detention on this basis. If the Government moves on risk of flight, we are, of course prepared to address it as well.

Friedman Kaplan Seiler Adelman & Robbins LLP                                          4896-7811-5942.1

Magistrate Judge Espinosa    - 3 -    September 8, 2025

5) Other standard conditions of supervision; and

6) Any other conditions the Court deems appropriate.

### III.    Argument

"[L]iberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). There is "only a limited group of offenders who should be denied bail pending trial." *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007). The Bail Reform Act requires that the Court impose "the least restrictive . . . condition, or combination of conditions, that will . . . reasonably assure the appearance of the person as required and the safety of the community."

In this case, there is a *rebuttable* presumption of detention. Under a rebuttable presumption, the defendant bears a "burden of production," but the Government retains the "burden of persuasion." *United States v. Jessup*, 757 F.2d 378 (1st Cir. 1985). In order to rebut the presumption, the defendant must present "some credible evidence forming a basis for his contention that he will appear and not pose a threat to the community." *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986). The defendant's burden of production is a "limited" one. *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001). In *United States v. Lopez*, the Court found that the defendant had rebutted the presumption by asking for "rigorous conditions" of home detention that "shields the defendant from the community." 827 F. Supp. 1107, 1111 (D.N.J. 1993). The Court also looked approvingly upon defendant's lack of prior criminal record. *Id; see also United States v. Accetturo*, 623 F. Supp. 746, 779 (D.N.J. 1985) (finding that defendant Accetturo had met his burden of production in rebuttable presumption case because "he is married, he has close ties to the community in Florida, has no history of alcohol or drug abuse, and has conscientiously attended every court proceeding he has been required to attend.").

As in *Lopez* and *Accetturo*, Mr. Edwards offers a number of factors to rebut the presumption: (1) he has no criminal record; (2) he is married; (3) he has longstanding ties to New Jersey; (4) he has no history of drug or alcohol abuse; and (5) he has proposed strict conditions of release. As set forth in more detail below, Mr. Edwards also has strong family ties in the United States and he has used his time at Essex County Jail to help others and to embrace positivity.

When the defendant meets his burden of production, the burden shifts back to the Government to prove dangerousness by clear and convincing evidence. *Jessup,* 757 F.2d at 384; 18 U.S.C. § 3142(f). "Even in a presumption case, the government retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community." *Mercedes*, 254 F.3d at 436. The Government has not met, and cannot meet, its burden of persuasion, to show dangerousness by clear and convincing evidence under the applicable 3142(g) factors.

Magistrate Judge Espinosa — - 4 - — September 8, 2025

### A.   The Nature and Circumstances of the Offense Charged

Mr. Edwards is charged in a three-count indictment. Count One alleges that Mr. Edwards conspired with Christine Edwrds to obtain the compelled labor and services of Victim 1, Victim 2, and others, in violation of 18 U.S.C. § 1594(b). Indictment Ct. 1 ¶ 3. In particular, Count One alleges that Mr. Edwards "told JLHG members that disobeying him would result in spiritual retribution from God," *id.* ¶ 3(d), and that "they would lose favor with God if they were to fail to perform labor," i*d.* ¶ 3(g). The Indictment further alleges that Mr. Edwards instilled "fear of verbal and emotional abuse" in the alleged Victims and that he insulted, swore, and yelled at them. *Id.* ¶¶ 3(l) and (m).

Count Two charges Mr. Edwards with a substantive count of "forced labor" pertaining solely to Victim 1, in violation of 18 U.S.C. § 1589(a) and (d). And, Count Three charges Mr. Edwards with sex trafficking, again pertaining to Victim 1, in violation of 18 U.S.C. § 1591(a)(1) and (b)(1). Nothing in the indictment provides any clarity as to the events that would constitute a "commercial sex act," proof of which would be necessary to convict on Count Three.

These are serious charges. And, to be clear, Mr. Edwards is innocent of them and fully expects to be vindicated by a jury of his peers. But, for purposes of this motion, there are three important points to consider with respect to the nature of the charges outlined in Count One: (1) other than Victim 1, there are no allegations, at all, of physical force or violence; (2) there are no allegations that any of the conduct involved minors; and (3) there are no allegations that Mr. Edwards forced anyone to join JLHG or to remain in JLHG. In fact, nearly all of the allegations appear to involve some form of verbal communication, e.g., insulting and yelling at purported victims. Verbal communications, with no history of violence, are insufficient to warrant pretrial detention.

With respect to Victim 1, the Indictment alleges "physical and sexual assaults" but provides no additional detail. There is no particularized allegation of force or violence. According to the Indictment, when Victim 1 tried to leave the congregation, Mr. Edwards organized a "struggle session involving the entire congregation to discourage Victim 1 from leaving JLHG." *Id.* ¶ 4(i). He did not use force; he did not restrict Victim 1's liberty; he did not hold a gun to Victim 1's head – rather, according to the indictment, Mr. Edwards organized a meeting of the congregation "to discourage" Victim 1 from leaving. This allegation, too, while serious, favors release, not detention.

The Government bears the burden of showing, by clear and convincing evidence, that Mr. Edwards presents a danger to the community. The facts outlined in the Indictment, though undoubtedly serious, do not support the Government's argument as to dangerousness.

### B.   The Weight of the Evidence

Mr. Edwards was indicted on April 25, 2025 and arrested on May 8, 2025. On June 11, 2025, I received an initial and small set of discovery consisting mostly of bank

Magistrate Judge Espinosa — 5 — September 8, 2025

records. On September 4, 2025, 120 days after his arrest (and 4 days ago), the Government produced more discovery. I note this fact only to suggest to the Court that an analysis of the weight of the evidence is an extremely difficult one to conduct at this point in time. After all, the Government has taken 4 months to produce discovery.

There are JLHG members who continue to support Mr. Edwards and there are many who believe these charges are unfounded. Mr. Borden, the husband to Tamara Borden (Custodian #2), is one of them. Counts 2 and 3 appear to be single-victim counts, e.g., they rise and fall on the testimony of Victim 1. And, there do not appear to be any recordings or other related evidence against Mr. Edwards.

### C. History and Characteristics of Mr. Edwards

Mr. Edwards has no criminal history. He has no history of alcohol or drug abuse. He has resided in New Jersey for much of his life and has two sisters who live in New Jersey and another who lives in Texas. He has been affiliated with JLHF for over two decades. His ties to the community are strong.

In further support of Mr. Edwards' good character, I ask the Court to look at what he has done while detained at Essex County Jail. I attach a letter written by Jamah Godwin-Deavereaux, who was Mr. Edwards bunkmate in May 2025. Mr. Godwin-Deavereaux says that "his life has been in the fast lane" and that Mr. Edwards has "been a blessing" and gives "nothing but positive energy and advice." Mr. Godwin-Deavereaux says he has never vouched for anyone in his life but feels this "this is the right thing to do" because Mr. Edwards can "help more in society." In the course of the several months he has been detained, Mr. Edwards already has positively impacted the life of at least one individual. He has spent his time productively and contributed positively to the atmosphere inside the jail.

### D. Nature and Seriousness of Danger to Any Person or the Community

The final factor asks the Court to consider the nature and seriousness of danger to any person or the community poses by the person's release. In short, there is none. Mr. Edwards has no criminal history. He has no history of violence or drug use. He has never owned a firearm. Other sex trafficking cases often involve a defendant charged with trafficking multiple victims for profit (suggesting that release on bail would endanger the community by allowing the defendant to potentially continue the illegal activity). In contrast, this matter appears to involve a tenuous allegation against a single victim. And, to the extent the Government believes there is actual danger posed by his release, that concern can be addressed by applicable conditions. This application already asks for extremely restrictive conditions, e.g., home detention with location monitoring, e.g., in order to address the Government's concerns.

I request that the Court schedule a bail hearing at its earliest convenience, and I request permission to supplement this application by oral submission, with additional evidence as necessary, at the scheduled hearing. I also ask the Court either to allow the

Magistrate Judge Espinosa — - 6 - — September 8, 2025

potential third-party custodians to be available remotely or to provide sufficient time for the custodians to travel and appear in New Jersey.

Respectfully submitted,

*Rahul Agarwal* (signature)

Rahul Agarwal

# EXHIBIT A

To Whom it May Concern: #24711129

My Name is Jamah Godwin-Devereaux I've Been incarcerated at ECCF for Almost a year, fighting A Parole Violation & A Pending federal conspiracy, It's No secret my life Has Been in the fast lane, I've Been involved in everything from Drug's to violence. I first met Mr. Edward's when He Became my Bunkee late May, 2025, The transition that we made from Him Helping I can Honestly say He's Been a Blessing. I get nothing But positive energy and Advice from Him. I practice different religion then Him and yet & still He's Brought me closer to my god, Just from energy not By force I've Never vouched for anyone in my life, But I feel that this is the Right thing to do. He can Help more in society Because It's more people like me in society that can Be Helped I Hope that this letter Be taken into consideration as well I Hope you find it in your Hearts to Believe my Sincerity because it's Truth. God Bless.